UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: TD BANK, N.A., DEBIT CARD
OVERDRAFT FEE LITIGATION                     MDL No. 2613


TRANSFER ORDER


      **Before the Panel:**[*] Defendant TD Bank, N.A. (TD Bank) moves under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in either the Eastern District of Pennsylvania or the District of South Carolina. This litigation currently consists of eight putative nationwide class actions pending in the District of Connecticut, the Middle District of Florida, the District of New Jersey, the Southern District of New York, the Eastern District of Pennsylvania, and the District of South Carolina, as listed on Schedule A.[1]

      All of the responding plaintiffs support centralization, though they disagree as to the transferee district. Like TD Bank, plaintiffs in the Eastern District of Pennsylvania action support centralization in either that district or the District of South Carolina. Plaintiffs in the actions pending in the District of Connecticut and the District of South Carolina support centralization only in the District of South Carolina. Plaintiffs in the remaining five actions suggest that this litigation should be centralized in the District of New Jersey.

      On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization of these actions in the District of South Carolina will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions relating to the imposition of overdraft fees by TD Bank on its customers' checking accounts in a manner that, according to plaintiffs, improperly results in maximizing the amount of these fees. All of the actions focus on TD Bank's overdraft fee practices following its settlement of similar claims that had been transferred to an earlier MDL, *see In re Checking Account Overdraft Litig.*, 626 F. Supp. 2d 1333 (J.P.M.L.

---

    [*] Judge Marjorie O. Rendell took no part in the decision of this matter.

    [1] The Panel has been notified of two related actions pending in the Southern District of Florida. These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2. Plaintiff in one of these actions, which involves allegations of usury in violation of the National Bank Act, opposes inclusion of that action in this MDL. Plaintiff's objections are premature. The proper approach is for plaintiff to present her arguments by moving to vacate if we issue an order conditionally transferring her action to the MDL. *See* Rule 7.1. Or plaintiff may request that the transferee judge remand her action to the transferor court. *See* Rule 10.1.

-2-

2009), and there is significant overlap among the putative classes.[2] Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

We are persuaded that the District of South Carolina is the most appropriate transferee district for this litigation. The first-filed *King* action in this district has been pending for nearly a year and a half, and discovery has begun there. Although TD Bank is not headquartered in the District of South Carolina, it maintains sizeable operations in South Carolina, and it is likely that relevant documents and witnesses will be located there. We are convinced that the District of South Carolina has the necessary judicial resources and expertise to manage this litigation efficiently, and centralization in this district provides us the opportunity to assign the litigation to a capable jurist who has not presided over an MDL yet.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the District of South Carolina are transferred to the District of South Carolina and, with the consent of that court, assigned to the Honorable Bruce Howe Hendricks for coordinated or consolidated pretrial proceedings with the action pending there.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Charles R. Breyer          Lewis A. Kaplan
Ellen Segal Huvelle        R. David Proctor
Catherine D. Perry

---

[2] No party suggests that these actions should be transferred to MDL No. 2036. We previously determined that transfer of actions involving banks not already participating in MDL No. 2036 is inappropriate given the stage of proceedings in that litigation. *See In re Checking Account Overdraft Litig.*, 818 F. Supp. 2d 1373, 1373-74 (J.P.M.L. 2011).

**IN RE: TD BANK, N.A., DEBIT CARD**
**OVERDRAFT FEE LITIGATION**                                      MDL No. 2613

## SCHEDULE A

<u>District of Connecticut</u>

AUSTIN v. TD BANK, N.A., C.A. No. 3:15-00088

<u>Middle District of Florida</u>

GOODALL v. TORONTO-DOMINION BANK, ET AL., C.A. No. 8:15-00023

<u>District of New Jersey</u>

HUREL v. TD BANK, N.A., ET AL., C.A. No. 1:14-07621
KLEIN, ET AL. v. TD BANK, N.A., C.A. No. 1:15-00179
UCCIFERRI v. TD BANK, N.A., C.A. No. 1:15-00424

<u>Southern District of New York</u>

KOSHGARIAN v. TD BANK, N.A., ET AL., C.A. No. 1:14-10250

<u>Eastern District of Pennsylvania</u>

PADILLA, ET AL. v. TD BANK, N.A., C.A. No. 2:14-01276

<u>District of South Carolina</u>

KING, ET AL. v. TD BANK, N.A., C.A. No. 6:13-02264